## CLAPP v. NELSON.

Where property is loaned for a definite period, or for a day or two, or a week or two, if it be not returned at the end of the longer period, the lender can sustain an action for the recovery of the property, or, if that cannot be obtained, its value, without a previous demand.

Appeal from Houston. The plaintiff in the Court below instituted this suit on the 30th August, 1851, to recover of the defendant a wagon and two mules, which property he states he owned and possessed on the 20th day of the same month, "Which said wagon and mules he loaned for a day "or two to the defendant Nelson, who, although the time for "which petitioner loaned him said property has expired, still "withholds said wagon and mules from petitioner; and al-

Clapp v. Nelson.

" though he well knows said wagon and mules to be the pro-
" perty of petitioner, he has hitherto failed and refused and still
" fails and refuses to deliver or return said wagon and mules to
" petitioner," to petitioner's damage, $900. He prays citation
and judgment for the property, or if that cannot be had, its
value. To the petition the defendant demurred generally,
and set forth as a special cause of demurrer, that " there is no
" allegation in said petition, that plaintiff's intestate ever de-
" manded of defendant the property therein demanded and
" sued for." The Court sustained the demurrer, and this ac-
tion of the Court is assigned as error.

*G. F. Moore*, for appellant. The case here is in no respect
similar to that of a suit against an agent or factor, where, from
the character of the business, there is an implied contract
that the defendant is not liable until an account is rendered
or a demand made, which seem to be the only cases where a
previous demand is necessary to sustain the suit. (Clark v.
Moody, 17 Mass. 145, quoted in Mitchell v. McLemore, 9
Tex. R. 153.) And this suit being for the recovery of the
specific property and not for its conversion, the principle upon
which the actions of trover are grounded are still more clearly
inapplicable ; but for the rules to govern us in this case we
should rather look to the decisions in actions of detinue, where
most clearly a demand would not be necessary to sustain the
suit. (2 Str. Ev. 387–8.)

These principles are believed to have been fully and ex-
pressly sustained by this Court, in the case of Dunn v. Choate,
4 Tex. 19, which is a case precisely similar in principle to
this.

Under the contract of gratuitous loan it is the duty of the
borrower to return to the lender, the property loaned, at the end
of the time for which it was loaned. (Story on Bail. Sec. 257
and 259.)

*S. A. Miller*, for appellee. " A request need not be averred,

" except where by the express terms of the contract, a request " must precede the delivery, or where that is to be implied from " the nature of the contract; in either of the excepted cases, " a request must be both alleged and proved, but not other- " wise." (Chitty on Con. 733.)

" In the case of a special bailment, it is proper to declare, " at least in one count, on the bailment; and to lay a special " request." (1 Chitty's Pl. 124, also 2 Chit. Pl. 594.) In the case of Mortimer v. Brumfield, 3 Mumf. 122, found in 11 U. S. Digest, p. 65, Sec. 11, it was decided that " in detinue, " a general charge that the defendant, though often requested, " &c., is sufficient, without stating a special demand and re- " fusal." But even this general charge nowhere appears in the petition under examination.

" A mere naked bailee of goods is not liable to an action " for them, at the bailor's suit, until after a demand and re- " fusal of them." (Brown v. Cook, 9 Johns. R. 361, cited in 1 U. S. Digest, p. 368, Sec. 5.) " If the depositor be dead, " the usual notice given by the administrator of his appoint- " ment, calling on all persons indebted to make payment, &c., " is not sufficient demand." (1 U. S. Dig. p. 368, Sec. 6.)

In the case at bar the defendant did not come in possession of the goods tortiously, but with the consent of the plaintiff. From the petition, it is uncertain when defendant got that possession, and also how long he was to retain the possession. I conclude then, that this is one of the cases where, from the nature of the contract, it is implied that a request must precede the delivery, and consequently that a demand or request to terminate the loan and return the property, was a necessary prerequisite to the commencement of the suit, and therefore the Court did not err in sustaining defendant's demurrer.

HEMPHILL, CH. J. This is an action for the recovery of specific chattels which the plaintiff alleged he had loaned for a day or two to the defendant, and which the said defendant, although the time for the loan had expired, had failed and re- fused to deliver or return to the plaintiff.

Clapp v. Nelson.

The defendant demurred, on the ground that there was no allegation in the petition, that demand had been made of the property sued for. The demurrer was sustained and the plaintiff appealed.

We are of opinion that the judgment, sustaining the demurrer, was erroneous. The plaintiff's allegations about the loan or the time for which it was made, are not very definite and precise, but they are sufficiently definite to authorize proof of the facts. He alleges property in himself about ten days before the commencement of suit, and that he had made a loan for a day or two, the term for which had expired. The phrase, a day or two, is rather indefinite; but I presume a jury, with the facts before them, would have but little difficulty in determining whether the property had been detained longer than a day or two or not. Whether a demand should be made, in cases of bailment, previous to suit, depends upon the stipulations as to time for the return of the property. The return must be made at the time contemplated in the contract. If the property be detained beyond that period, no demand would be necessary in order to sustain an action for its recovery. It is not one of the obligations of the lender, that he shall at the expiration of the loan go after and bring back his property, but it is the duty of the borrower to restore it according to his stipulations. If no time is fixed for the return, then a demand might be necessary as a prerequisite to the action. In this case it is averred that the time for the loan had expired. If such were the fact, and the demurrer admits its truth, it was the duty of the defendant to have restored the property, and he cannot justify its detention on the ground that no demand was made for its restoration. (Story on Bailments, Sec. 257 & 259.) Judgment reversed and cause remanded.

Reversed and remanded.