Thompson McCarty *v.* Louisa Wood, Executrix.

1. New trial, when defective pleading will not authorize.
—The petition in a suit on account contained no itemized statement of the account, but no exception was taken for that cause : *Held*, that

after a verdict for plaintiff the objection could not avail on a motion for a new trial.

2. WHAT MUST APPEAR TO AUTHORIZE A REVERSAL WHEN THERE IS NO STATEMENT OF FACTS.—To reverse a judgment, in the absence of a statement, on account of error in excluding evidence apparent from a bill of exceptions, it must appear not only that the court had erred, but that such error must with reasonable certainty have produced a substantial injury to the party or his cause.

ERROR from Vanzandt. Tried below before the Hon. A. J. Fowler.

*Fulmore & Wooldridge*, for plaintiff in error.

*Kearby & Kearby* and *Robertson*, for defendant in error.

ROBERTS, CHIEF JUSTICE.—The defendant below having failed to procure any action of the court upon his exceptions to the petition, presented in his motion for a new trial the following grounds of objection to it:

" There was no itemized account filed in this cause as a basis for plaintiff's demand."

" That in the allegations of plaintiff's petition there is no sufficient basis for a judgment in this cause."

The facts are stated in the petition in a general way, which might have rendered it liable to special exceptions. Still sufficient allegations are made to constitute a cause of action, and after verdict it is too late to require a greater certainty and particularity in the statement of the facts upon which the suit is founded.

The other objections to the judgment are all obviated by the omission to bring up in the transcript of the record a statement of facts. They are embraced in bills of exception taken to the rulings of the court in admitting and excluding evidence over the objections of defendant below.

The general rule is, that any party desiring such rulings of the court to be reviewed, should bring up a statement of facts, so that it could be seen that he was thereby prejudiced in his cause by any error committed by the court in

such ruling. (Fulgham v. Bendy, 23 Tex., 64; Hodges v. Longcope, 23 Tex., 155; Bast v. Alford, 22 Tex., 399.)

Where the court below erroneously excludes the evidence which constitutes the foundation of the action or the defense, under such circumstances as that it cannot be reasonably expected that it can be supplied by other evidence, then this court might be enabled to see, by reference to the pleadings in the cause, that the party had suffered an injury, even in the absence of a statement of facts. (Sublett v. Kerr, 12 Tex., 370; Galbreath v. Templeton, 20 Tex., 46; Anding v. Perkins, 29 Tex., 348.)

The evidence excluded and that admitted over the exception of defendant was not in its nature of that character. It may have been merely cumulative or ancillary to the main facts in proof, to such an extent only as that it could not be reasonably supposed to have influenced the verdict of the jury. To reverse the judgment, in the absence of a statement of facts, on such grounds, this court should ordinarily be able to see, not only that the court had erred, but that such error must with reasonable certainty have produced a substantial injury to the party in his cause. An abstract error upon a point of law applicable to the evidence is not enough. It should appear manifestly to have been a wrongful error in reference to the cause of action or defense. (Hutchins v. Wade, 20 Tex., 7.)

The judgment is affirmed.

AFFIRMED.