## DAVID BOOKER *v.* THE STATE.

1. EVIDENCE. — The defense proposed to prove that, since the alleged commission of the assault, the prosecuting witness had threatened to poison the accused. The prosecuting witness, when on the stand, had not been interrogated on the matter. *Held,* that the evidence was properly excluded. A predicate for it should have been laid in the cross-examination of the prosecuting witness.

2. PRACTICE IN THIS COURT. — Without a statement of facts, this court presumes that the state proved every material averment at issue. If, however, the record shows that all competent evidence constituting the defense was erroneously excluded, whereby the accused suffered prejudice, such a presumption might not obtain.

APPEAL from the County Court of Grimes. Tried below before the Hon. T. C. BUFFINGTON.

The case is stated in the opinion.

*J. H. Smoot,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J.   Counsel for appellant, in his brief, states that the information in this case does not purport to have been sworn to, and that it is, therefore, a nullity ; and, further, that the court below should have allowed the appellant's witness to testify as to the prosecuting witness.   These are the points on which he relies for a reversal of the judgment.

From the record before us, it appears that the affidavit upon which the information is based was sworn to before a justice of the peace of Grimes County.   The information charges the appellant with the offense of an aggravated assault, making all the necessary averments, and is sufficient.

The second question is raised by a bill of exceptions taken by the appellant to the ruling of the lower court in excluding certain testimony offered by the appellant.

It appears from a bill of exceptions that, " on the trial of this cause, the prosecuting witness was the only witness offered by the State to prove the offense charged.   The defendant offered a witness tending to prove that said prosecuting witness had made threats to poison the defendant, said threats being made since the offense charged was committed, and before the trial, alleging the object to be to show the State's witness' hostility to defendant, and to impeach her testimony as far as it would go."   This evidence was not admissible, and was properly excluded by the court.

It would have been relevant to the issue, when Mary Booker was on the stand as a witness for the prosecution, for the defendant, on cross-examination, to have asked her if she had not expressed feelings of hostility towards the defendant ; and, if she denied the fact, she might then have been contradicted by other witnesses.   See the correct rule of evidence as laid down by Mr. Greenleaf in such cases. 1 Greenl. on Ev., secs. 450, 462.

There is no statement of facts sent up in the record.   In the absence of a statement of facts, we are authorized to presume, in support of the judgment, that all the material

averments in the information were proved which could legally be proved under the issue. *Henderson* v. *Tremble,* 8 Texas, 174; *Hutchins* v. *Wade,* 20 Texas, 7; *Anding* v. *Perkins,* 29 Texas, 348; *Tally.* v. *The State,* 1 Texas Ct. App. 688; *Longley* v. *The State,* 3 Texas Ct. App. 611; *McCarthy* v. *Wood,* 42 Texas, 38. In the last case cited the Supreme Court says that "when the court below erroneously excludes the evidence which constitutes *the foundation of the action or the defense,* under such circumstances as that it cannot be reasonably expected that it can be supplied by other evidence, then this court might be enabled to see, by reference to the pleadings, that the party had suffered an injury, even in the absence of a statement of facts." The evidence offered in this case by appellant, and which was excluded, was not in its nature of that character.

We find nothing in the record which requires a reversal of the judgment, and it is, therefore, affirmed.

*Affirmed.*