## TINDALL v. McCARTHY.

1. ACTION—BAILMENT—BREACH OF CONTRACT.—A complaint is based upon breach of contract and not negligence, which alleges that plaintiff delivered a lighter to defendant to enable him to unload and discharge the gravel therein purchased from plaintiff, the defendant agreeing to do so and then to return the lighter the next day, but had refused on request so to do, and that the value of the lighter was $400, and plaintiff's damages were $400. There being evidence tending to establish this contract and its breach, a nonsuit was properly refused, even though there was no proof of negligence.

2. IBID.—IBID.—ONUS PROBANDI.—If the contract could be held to be a contract of bailment, the bailor might waive the tort and bring action of assumpsit for breach of contract. And, moreover, in a case of a bailment like this, the burden of proof of negligence does not rest primarily on the bailor; but the bailee, having received the lighter for his own convenience, under a promise to return it, must return or account for it.

3. IBID.—IBID.—TITLE.—Defendant having received this lighter from plaintiff under promise to return it, cannot, when sued for damages for the breach of his promise, defeat the action upon the ground that plaintiff had no title to the property.

Before GARY, J., Beaufort, February, 1895.

Action by Albert Tindall against Justin McCarthy, commenced December 3, 1894. Plaintiff being asked on the witness stand from whom he got the lighter mentioned in the complaint, replied: "It used to belong to F. W. Schepper; he hired her to me; I gave my note for it; I was responsible."

*Messrs. Thos. Talbird* and *Elliott & Elliott,* for appellant.

*Mr. W. J. Verdier,* contra.

September 3, 1895. The opinion of the court was delivered by MR. CHIEF JUSTICE McIVER. In the plaintiff's complaint

two causes of action are stated: 1st. The sale and delivery by the plaintiff to the defendant of a quantity of gravel, at the price of twenty-five dollars, and the breach of the promise to pay for the same.    2d. The second cause of action is thus stated in the complaint: "That the quantity of gravel sold and delivered as above alleged to the defendant, was contained, when so delivered, in a lighter, which was also delivered to the defendant on said day, for the purpose of unloading and discharging, and which lighter defendant promised and agreed to unload and discharge, and to deliver to plaintiff at Paris Island aforesaid on the next day, the 3d day of November, 1894; that the value of the lighter so delivered to the defendant as above alleged was $400, and that the defendant not regarding his said undertaking to deliver said lighter to this plaintiff, has not delivered the same, although he was, on the said 3d day of November, 1894, and on divers days since at said Paris Island, requested by the plaintiff so to do, to the damage of the plaintiff $400." The defendant answered, setting up a denial of the delivery of the gravel, as a defence to the first cause of action; and as a defence to the second cause of action, "the defendant admits that the gravel mentioned in the complaint was brought to Paris Island upon a lighter at about the time mentioned in said complaint, but the defendant denies each and every other allegation of the second cause of action except the allegation that defendant has not delivered said lighter to the plaintiff."

The plaintiff offered testimony tending to prove the contract as alleged in the complaint, and the failure to deliver to him or his agents the said lighter at the time mentioned, or at any time thereafter, although such delivery was demanded at said time and at several times thereafter, according to the terms of the contract as alleged.    At the close of the testimony on behalf of the plaintiff, the defendant moved for a nonsuit, on the second cause of action, based upon the non-delivery of the lighter, upon two grounds: 1st. Because the plaintiff was not the owner of the lighter at the time it was lost.    2d. Because there is no evidence of any want of care on the part of the defendant, and the action cannot be maintained without proof of negligence on the part of the defendant.    The Circuit Judge, his honor, Judge

Ernest Gary, refused the motion for nonsuit, saying: "This is not a question of negligence. It is a question of damages for violation of contract. The complaint is that the defendant was to unload this property; the testimony is that the defendant came aboard and said he would have it unloaded by next morning, and he could return and get it. Now the complaint is that he has not carried out his part of the contract. So I think there is sufficient evidence to go to the jury."

The jury returned a verdict for the plaintiff, and, judgment having been entered thereon, the defendant appeals, upon the following grounds: 1. Because the Circuit Judge erred in refusing the motion for a nonsuit, on the ground of absence of proof as to negligence on the part of defendant. 2. Because the Circuit Judge erred in holding that the question of negligence was not involved in the case. 3. Because the Circuit Judge erred in holding that there was sufficient evidence to go to the jury. 4. Because the Circuit Judge erred in not sustaining the motion for nonsuit, on the ground that plaintiff had no such title in the property as enabled him to maintain this action.

It seems to us that the first three exceptions turn upon the question, whether it was necessary for the plaintiff to offer evidence tending to show negligence on the part of the defendant, for there certainly was testimony tending to prove the contract, as alleged in the complaint, and its breach by defendant. It will be observed that there is no allegation in the complaint of any negligence on the part of the defendant, and if the theory on the part of the appellant, that negligence was a necessary element in the plaintiff's cause of action, be sound, then the absence of any such allegation would have afforded good ground of demurrer; that the complaint did not state facts sufficient to constitute a cause of action; and there was no demurrer. But, waiving this, let us inquire whether negligence was a necessary element in the plaintiff's cause of action, and, as such, necessary to be alleged and proved. The second cause of action, as stated in the complaint (there being no question raised by this appeal so far as the first cause of action is concerned), is the breach of a contract, pure and simple. It is not an action in the nature of an

old action of detinue or trover to recover possession of personal
property by a bailor of such property, or to recover damages
for the conversion of such property.　Nor is it like an action
on the case to recover damages for loss of or injury to property
of plaintiff caused by the negligence of defendant.　But it is
like the former action of assumpsit, to recover damages for the
breach of a promise.　In other words, it is an action *ex con-
tractu*, and has none of the elements of an action *ex delicto*.　It
would seem, therefore, that, to maintain such an action, it was
only necessary to allege and prove the contract, its breach, and
the damages flowing from such breach; and, as there was tes-
timony as to all these matters, there was no error upon the part
of the Circuit Judge in refusing the motion for a nonsuit, based
upon the ground that there was no testimony as to the defend-
ant's negligence.

But, even if it should be conceded that the contract created
the relation of bailor and bailee, the plaintiff might waive the
tort of the defendant in refusing to deliver up the goods
entrusted to his care, and bring his action of assumpsit
for breach of the contract to deliver.　See 2 Am. & Eng.
Enc. L., 58, where it is said, upon the authority of *Lay* v.
*Lawson*, 23 Ala., 377, and *Clapp* v. *Nelson*, 12 Tex., 370, that
"where the bailee contracts to return the bailed goods at a
fixed time, and fails to do so, he becomes liable in tort as well
as in assumpsit."　See, also, on same page of Encyclopædia,
where it is said, upon the authority of *McEvers* v. *Steamboat
Sangamon*, 22 Mo., 187; *Harvey* v. *Murray*, 136 Mass., 377; *Drake*
v. *White*, 117 Mass., 10, and *Hyland* v. *Paul*, 33 Barb. (N. Y.),
241, that "where the bailee contracts to return the goods, a
refusal to do so, of course, renders him liable in assumpsit."
See, also, *West* v. *Murph*, 3 Hill, 284, and *Bryce* v. *Parker*, 11 S.
C., 337.

But, again, even if the contract in this case should be re-
garded as creating the relation of bailor and bailee between
the parties, and the action is based upon such bailment, the
burden of proof of negligence would not rest upon the plain-
tiff—at least, in the first instance (see Story on Bailments, sec.
278)—for here the testimony tends to show that the property

in question, the lighter, was delivered to and left in the possession of the defendant for his convenience in unloading the boat, with a promise to deliver it to plaintiff on the next day. In such a case, as is said by Mr. Justice Story, in the section above cited: "Where a demand of the thing loaned is made, the party must return it or give some account of how it is lost.

It only remains to consider the fourth ground of appeal, which, though not pressed by the counsel for appellant, does not seem to have been abandoned. It is very clear, from the authorities cited by counsel for respondent,[1] to which may be added Story on Bailment, sections 266 and 230, that this ground cannot be sustained. It seems to us that, in any view which may be taken of the case, there was no error on the part of the Circuit Judge in refusing the motion for a nonsuit.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

---

1 2 Am. & Eng. Enc. L., 61, 62; 61 Cal., 405; 76 Me., 590, 20 Atl. Rep., 1; 2 Bail., 466.