## 9802

### FARMERS' UNION MERCANTILE CO. v. ANDERSON.

#### (93 S. E. 422.)

1. SET-OFF AND COUNTERCLAIM—MUTUALITY—PARTIES.—In an action on a note, plaintiff filed a counterclaim alleging that plaintiff and a bank organized an institution and induced defendant to store his cotton therein, that plaintiff agreed to hold such cotton until defendant would be able to obtain a fair price, to insure it, and in case of fire to allow him the highest market price at the time of the loss, that the cotton was destroyed by fire, but that plaintiff did not allow him the market price at the time of the loss. *Held,* that the counterclaim was not defective because the bank was not a party to the action, as no cause of action by way of counterclaim was stated against the bank and plaintiff jointly, and it being immaterial that the

bank participated in the organization of the institution and inducing plaintiff to store his cotton therein.

2. SET-OFF AND COUNTERCLAIM—SUBJECT MATTER OF COUNTERCLAIM.— Code Civ. Proc. 1912, sec. 200, declares in subdivision 1 that a counterclaim may be set up if it arises out of the contract or transaction set forth in the complaint, or is connected with the subject of the action, while subdivision 2 provides that in any action arising on a contract any other cause of action also on contract and existing at the commencement of the action may be set up as a counterclaim. *Held* that, under the latter subdivision, it is not necessary that defendant's counterclaim arise out of contract or be connected with the contract sued on.

3. PLEADING—COUNTERCLAIM—CONSTRUCTION.—Where in an action on a note defendant pleaded as a counterclaim that plaintiff, having induced him to store his cotton with a particular institution, agreed to hold it until he should be able to obtain a fair price to insure it, and in case of loss by fire to allow him the highest market price at the time, but that after a loss by fire, it having been stored under an open shed without any protection, plaintiff did not allow defendant the highest market price, the counterclaim is obviously *ex contractu*, notwithstanding the averments as to negligence; for, while such averments were appropriate to an action of tort, they were also appropriate to an action against a bailee.

4. BAILMENT—DUTY OF BAILEE.—A bailee impliedly agrees to exercise reasonable care and diligence.

5. PLEADING—CONTRACT OR TORT—ALLEGATIONS OF NEGLIGENCE.—In an action on a contract, allegations as to negligence cannot convert the action from one *ex contractu* to one *ex delicto*.

6. BAILMENT—DUTY OF BAILEE.—In the absence of contract, express or implied, a bailee is not bound to insure the subject of a bailment, but may do so.

7. ACTION—WAIVER OF TORT—BAILMENT.—Where a bailee, acting as a warehouseman, was negligent in caring for property delivered to him, the bailor may sue in tort or waive the tort and sue on the contract.

8. PLEADING—SURPLUSAGE—NATURE OF ACTION.—Where the cotton of defendant which plaintiff had agreed to store was destroyed by fire, and in an action on a note defendant counterclaimed on the ground that plaintiff did not, as agreed, allow him the highest market price of the cotton, allegations as to negligence of plaintiff as bailee were surplusage, regardless of whether the counterclaim sounded in tort or contract, and may be disregarded; for in neither case was it necessary to allege or prove negligence on the part of the plaintiff bailee.

9. PLEADING—DEMURRER—GROUND.—Where a counterclaim in an action on a contract stated at least one cause of action on contract, it is not subject to demurrer, though jumbled with another on tort.

.0. PLEADING—COUNTERCLAIM—CONSTRUCTION.—Where it is a doubtful
question whether a counterclaim in an action on a contract is on con-
tract or tort, it will, under Code Civ. Proc. 1912, sec. 209, declaring
that pleadings shall be liberally construed with a view to substantial
justice, be presumed that the counterclaim was one on contract
instead of tort, and all reasonable intendments will be given to that
construction, where otherwise the counterclaim could not be sus-
tained.

Before GARY, J., Barnwell, March, 1917.   Reversed.

Action by the Farmers Union Mercantile Company
against F. H. Anderson.   From a judgment sustaining a
demurrer to defendant's counterclaim, he appeals.

*Mr. Jas. E. Davis,* for appellant, cites: *As to counter-
claim:* 11 S. C. 337; 2 Bay 351; 10 Rich. 318; Pomeroy
Rem., sec. 798, p. 817.

*Messrs. Bates & Simms,* for respondent, cite: 57 S. C
500.

September 5, 1917.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff sued on a note.   Defendant set up a counter-
claim, immaterial verbage omitted, as follows:

"That the above named plaintiff, together with the Home
Bank of Barnwell, some time during the fall of 1914, organ-
ized an institution known as the 'Farmers Union Ware-
house,' and induced the defendant to store therein eleven
bales of lint cotton.

"That when defendant stored said cotton, the plaintiff
contracted and agreed to hold said cotton for such time as
the defendant would be able to obtain a fair price, and to
insure said cotton, so in case of loss by fire to allow him the
highest market price at the time of said loss.

"That said cotton, on account of the negligence and gross carelessness on the part of said plaintiff, was totally destroyed by fire, it having been stored under an open shed, in an open lot, without any protection from incendiaries or otherwise, and became a total loss to this defendant, save that said defendant was allowed the price of 6 cents per pound; whereas, cotton at that time was selling at 7 to 7½ cents per pound, and by the action of said plaintiff he has lost the sum of $174, for which he is entitled to judgment by way of counterclaim."

Plaintiff demurred on the grounds:

"That the same does not constitute a defense, in that the Home Bank of Barnwell is not a party to this action, and that the matters and things set forth in the said defense and counterclaim are not a part of the contract sued upon, has no relation to the same, and, if said allegations are correct, constitutes a cause of action raising *ex delicto,* and not *ex contractu,* and not subject of defense or counterclaim in this action."

The Court below sustained the demurrer, holding:

"That the counterclaims set forth in the answer do not set up any defense to the complaint, in that they are not responsive to the allegations of the complaint and do not come within the provisions of the Code, allowing defense by way of counterclaim."

In the first paragraph of his answer defendant alleges that plaintiff and the Home Bank of Barnwell organized the Farmers Union Warehouse and induced him to store his cotton therein. That states no cause of action against the bank, or against the bank and plaintiff jointly. It makes no difference who organized the warehouse; nor is it of any consequence that plaintiff and the bank induced defendant to store his cotton in it, in the absence of any allegation of fraud in the inducement. No legal liability for the consequences results from merely inducing or persuading another to do a lawful act, or enter

into a lawful contract. The bank was not a necessary or proper party.

Section 200 of the Code of Civil Procedure provides for two classes of counterclaims. Subdivision 1 provides that a counterclaim may be set up if it arises "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or (is) connected with the subject of the action." Subdivision 2 provides for another distinct class, "in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." So that it is not necessary that defendant's counterclaim arise out of or be connected with the contract sued on. It is only necessary that it arise on contract to bring it under subdivision 2.

In the second paragraph of his answer defendant alleges that plaintiff (not plaintiff and the bank) "contracted and agreed" to hold his cotton and insure it against loss by fire; and in the third paragraph he alleges the breach of that contract, and the damages resulting to him therefrom. It is too plain for argument that the counterclaim is based upon an express contract.

True, the allegation of negligence in storing the cotton is appropriate to an action of tort; but it is not inappropriate to an action on the contract of bailment, because, being for the benefit of both parties, the bailee impliedly agreed to exercise reasonable care and diligence. *Lyles v. McFie,* 26 S. C. L. (1 McMul.) 21.

Moreover, in an action on contract, allegations of negligence cannot have the effect of changing the essential features of the transaction so as to convert a mere breach of contract into a tort. Even under the strictness of the old practice, matters of aggravation set forth in a count in *assumpsit* did not change it to a count in tort. 4 Cyc. 331, and note, where it is said: "The words 'negligent' and 'negligently,' applied to the contract of

defendant in the statement of a claim, do not change the action from *assumpsit* into one *ex delicto."*

The counterclaim is on a contract of twofold nature—to insure the cotton, as well as to store it. In the absence of contract, express or implied from the circumstances, a bailee is not bound to insure the subject of bailment, though he may do so. 5 Cyc. 176. In other words, that duty is not imposed on him by law. Therefore, so far as that feature of the counterclaim is concerned, it is upon contract pure and simple. So far as the bailment feature of it is concerned, defendant might have sued in tort, or he had the right to waive the tort and sue on the contract. *Bryce v. Parker,* 11 S. C. 337. In either case he was not bound to allege or prove negligence on the part of the bailee. *Tindall v. McCarthy,* 44 S. C. 487, 22 S. E. 734; *Fleischman v. Ry.,* 76 S. C. 237, 56 S. E. 974, 9 L. R. A. (N. S.) 519. The allegation of negligence, therefore, may be disregarded as surplusage. But, as the counterclaim states at least one cause of action on contract, even if it were jumbled with another on tort, demurrer would not lie. *Welborn v. Dixon,* 70 S. C. 108, 49 S. C. 232, 3 Ann. Cas. 407, and cases cited.

If it were a doubtful question whether the counterclaim is on contract or on tort, the statute (Code, sec. 209), which says that pleadings shall be liberally construed with a view to substantial justice between the parties, would require the Court to indulge every reasonable intendment in favor of the view that it was on contract. "The generally accepted rule is that in doubtful cases every intendment is in favor of regarding the action (as) *ex contractu."* *Randolp v. Walker,* 78 S. C. 157, 59 S. E. 856.

A sufficient reason for the rule is that it permits substantial justice to be done between the parties. In this case, if defendant has a valid claim against plaintiff, it would be an injustice to him, and also to plaintiff, to turn him out of Court on a technical construction of his pleading, and put

him to the necessity of bringing another action, and plaintiff to the necessity of defending another action, upon identically the same facts, only stated in slightly different phraseology, when their differences can be litigated in this action at less expense to both. The reformed procedure was intended to obviate such multiplicity and circuity of action.

Under the old practice each form of action had distinctive earmarks, so that there was little or no difficulty in determining what kind of action the pleader intended to bring. But the Code requires only a statement of the ultimate facts constituting the causes of action; and, as precisely the same facts may give rise to an action *ex contractu* or *ex delicto,* at the pleader's election, and as the pleader is not required to name his action, or to specifically declare his intention or indicate his election, it is often difficult to determine what kind of action was intended. In doubtful cases the question must be determined by the substance of the allegations, and such other facts and circumstances as may throw light upon the intention; every reasonable intendment being indulged in favor of that conclusion which will result in doing substantial justice between the parties. *Randolph v. Walker, supra;* Pom. Rem. 567-573, 801. Therefore, if the question were in doubt in this case, under the rule stated, it would be presumed that defendant intended to waive the tort and sue on contract, because he is presumed to have known that he could not counterclaim in tort in this action, because his cause of action does not arise out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or is it connected with the subject of the action—at least he does not so allege—and it must be presumed that he intended his pleading to be effective.

Judgment reversed.