### ELLA DUFRESNE *vs.* SAM DICK.

DECEMBER 17, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This is an action of the case for negligence in which the jury returned a verdict for the plaintiff. The action is before this court on defendant's exceptions to the denial of his motions for a directed verdict and for a new

trial. These exceptions will be considered together as they are based upon the evidence.

The action is brought to recover the value of a fur coat left with defendant for storage. Plaintiff, claiming that defendant failed to deliver the coat after she had requested its return, commenced this action. The defense was that, after plaintiff requested the return of her coat, defendant's wife placed it on a chair in his store near plaintiff and that defendant and his wife never saw the coat again. Plaintiff denied that her coat was placed on a chair near her in defendant's store and testified that defendant said he could not find her coat. When plaintiff left her coat with defendant for storage he gave her a receipt for it. On the receipt was printed: "This is your receipt. No garments will be surrendered without same."

The relation of bailor and bailee existed between the parties. The burden was upon the plaintiff to establish the negligence of the defendant. It is a general rule that when goods are delivered to a bailee and are lost or not returned the law presumes negligence to be the cause of the loss and casts upon the bailee the burden of showing that the loss was due to other causes consistent with due care on his part. The bailee may overcome this presumption of negligence by showing that the loss occurred consistent with due care on his part, in which case he is entitled to a verdict unless the bailor affirmatively proves to the satisfaction of the jury that the loss would not have occurred but for the negligence of the bailee. 6 C. J. 1158, 1160. In an action for negligence by a bailor against a bailee the question whether the bailee has exercised due care is for the jury except in cases where but one reasonable inference can be drawn from the undisputed facts. 6 C. J. 1163. *Handley* v. *O'Gorman*, 45 R. I. 242.

Defendant contends that a verdict should have been directed in his favor because it was not proved that he had negligently lost plaintiff's coat. We have frequently held that a verdict should not be directed for a defendant if on

any reasonable view of the testimony under the law the plaintiff can recover.

Plaintiff's testimony made a *prima facie* case against defendant. The issues raised by defendant's testimony required their determination by the jury. The jury may have believed plaintiff's testimony to the effect that defendant said he had lost her coat; or they may have concluded that defendant's wife was negligent in placing plaintiff's coat on a chair instead of delivering it to her and demanding the return of the receipt for the coat which defendant had given her. The trial justice has approved the verdict. We have read and considered the evidence and find no error in his decision.

Defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Hogan & Hogan, Mary C. Hogan*, for plaintiff.
*Robinson & Robinson*, for defendant.