**BOLAND v. SOUTHERN ICE CO. et al.**

**No. 1982.**

United States District Court
E. D. South Carolina,
Charleston Division.

Nov. 12, 1948.

Sinkler & Gibbs and Albert Simons, Jr., all of Charleston, S. C., for plaintiff.

Augustine T. Smythe and Augustine T. Smythe, Jr., both of Charleston, S. C., for defendant.

WARING, Chief Judge.

The plaintiff, a resident of South Carolina, brings suit against the Southern Ice Company, a Delaware corporation and Harry D. Jones, a resident of South Carolina. The complaint alleges that the defendant corporation operates a cold storage plant and Jones is employed by it as its manager and is responsible for the operation and condition of such plant. It is further alleged that the plaintiff delivered to the defendants a large quantity of Easter Lily plants for cold storage but that the same were injured by escaping ammonia gas. It is alleged that the damages suffered by the plaintiff were due to and caused by the "joint and concurrent acts.

of negligence of the defendants" in certain particulars relative to the escape of ammonia gas. The complaint further alleges in Article 8 "that by reason of the joint and concurrent acts of negligence of the defendants" the plants were damaged and destroyed. The amount of damages claimed and prayed for is $6,000.

The case was brought and filed in the Court of Common Pleas for Charleston County, South Carolina, and by appropriate proceedings removed to this court by the Southern Ice Company. There is a motion to remand.

The company takes the position that the cause is removable on the ground of diversity of citizenship since the cause of action lies· solely between the plaintiff and the non-resident corporation and that there is no cause of action against the defendant Jones, he being merely an employee and his joinder being wrong, fraudulent and not in good faith.

There is no question as to the residence of the respective parties and if there is really a joint action against the two defendants, the case, of course, must be remanded to the State Court, since one of the defendants is a resident of South Carolina, which is also the residence of the plaintiff. The determination of the matter therefore depends entirely upon the answer to the question as to what is the cause of action.

For the defendants it is strongly argued that the delivery of the plants to the Ice Company was in pursuance of a contract for storage, which is a bailment, and that an action on a bailment will lie against a bailee for a violation of contract. It is argued that the allegations of negligence in the complaint are mere surplusage and that the plaintiff has a right to bring an action ex-contractu; and in any such case brought under the statutes covering bailments and particularly the Uniform Warehouse Receipts Act adopted in South Carolina April 18, 1945, 44 Stat. at Large pp. 119, 135, and the decisions of numerous courts it would be incumbent upon the plaintiff merely to show the contract of bailment, the delivery of the articles in good condition and that upon their return they were damaged, and the burden would then pass to the defendant to ex-

onerate himself from liability. I agree that the plaintiff had a right to bring such an action and if he had done so Jones would be an unnecessary and improper party since he was not a party to the contract in his individual capacity but was merely an agent for his employer.

But the plaintiff most strongly argues that he has not brought such an action; but what he has brought is an action based on joint and concurrent negligence; and that in such he has assumed the burden of proving his allegations and showing that the injuries complained of were the result of negligence on the part of not one, but both, of the defendants, acting jointly and concurrently. He takes the position that if he can show that Jones was negligent the employer would likewise be negligent under the doctrine of respondeat superior.

Both parties have filed briefs and cite numerous authorities. I find it unnecessary to discuss most of them. The purpose of the plaintiff in joining Jones is immaterial if he has a joint action against Jones and the company. And if he is entitled to bring an action in tort, certainly he can bring it against both parties and will be put upon his proof of negligence. Cases are almost every day brought against corporations and officials based upon alleged torts. The courts and books are full of tort actions against railroads jointly with engineers, firemen, or conductors; against bus companies with their drivers; against street car companies and their motormen and against various corporations and their employees who are alleged to have joined in committing injurious acts complained of. So that the sole, pertinent inquiry in this case is whether under the facts as set forth in the complaint the plaintiff is limited to an action ex contractu or may bring an action *in tort*. I am of the opinion that he may bring either, but not both and that having decided on one he would be debarred from attempting to bring the other.

In an action by a bailor against a bailee the former may rely either upon the contract for the safe keeping and return of his property or bring an action alleging negligence. The law seems to be quite

well settled that the bailor has the election whether to pursue a remedy for a breach of a contract or to allege a tort.

"Where a bailee for mutual benefit fails to exercise proper care of the property and it is damaged, the bailor may sue him in assumpsit or in an action on the case." 8 C.J.S. Bailments, Sec. 44, p. 329.

"It is worthy of notice that a tort may involve acts which also constitute a breach of contract, and that the same facts will sustain either an action ex delicto or ex contractu, so that an action ex delicto will lie, notwithstanding the act complained of would also be ground for an action ex contractu. Under this rule, it has been held that accompanying every contract there is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and the negligent failure to observe any of these conditions is a tort, as well as a breach of contract. Under such circumstances, the general rule is that the plaintiff may elect which to pursue." 52 Am. Jur. p. 380, Torts Sec. 27.

"As has appeared throughout this article, frequently the violation by the bailee of some duty or obligation imposed upon him by the bailment is not only a breach of his contract, but also a tort. In such a situation, as a general rule, the bailor may elect to affirm the contract and, waiving the tort, bring his action ex contractu, or he may abandon the contract and proceed against the bailee in an action ex delicto." 6 Amer. Jur. p. 428, Bailments Sec. 346.

The law of South Carolina so far as I have been able to ascertain recognizes the foregoing rules and while there are no decisions directly in point, there are a number which sustain these views. In Farmers Union Mercantile Co. v. Anderson, 108 S.C. 66, at page 71, 935 E. 422 at page 424, the Court was concerned with the construction of a counterclaim and says: "So far as the bailment feature of it is concerned, defendant might have sued in tort, or he had the right to waive the tort and sue on the contract." And at page 72 of 108 S.C., at page 424 of 93 S.E., the Court says: "Under the old practice each form of action had distinctive earmarks, so that there was little or no difficulty in determining what kind of action the pleader intender to bring. But the Code requires only a statement of the ultimate facts constituting the causes of action; and, as precisely the same facts may give rise to an action ex contractu or ex delicto, at the pleader's election, and as the pleader is not required to name his action, or to specifically declare his intention or indicate his election, it is often difficult to determine what kind of action was intended. In doubtful cases the question must be determined by the substance of the allegations, and such other facts and circumstances as may throw light upon the intention; every reasonable intendment being indulged in favor of that conclusion which will result in doing substantial justice between the parties."

Testing this case in the light of the foregoing doctrines, which I think clearly reflect the law of South Carolina and applying these to the facts and allegations of the complaint it is clear to me that the plaintiff has alleged a true case of tort based upon allegations of joint negligence of the two defendants and that such being the case the cause should be remanded to the State Court to be tried there upon that basis and under those conditions. Accordingly, it is ordered that the said cause be and the same is hereby remanded to the Court of Common Pleas for Charleston County.