**NEW ENGLAND HELICOPTER SERV-ICE, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 1811.

United States District Court
D. Rhode Island.

June 13, 1955.

Matthew W. Goring and Richard W. Billings (of Hinckley, Allen, Salisbury & Parsons), Providence, R. I., for plaintiff.

Jacob S. Temkin, U. S. Atty., Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

In this action the plaintiff seeks judgment in the amount of $15,000 for damages alleged to have been sustained by it by reason of the negligence of an employee of an agency of the United States while acting in the scope of his employment. Jurisdiction of this Court is alleged to exist under the provisions of the Federal Tort Claims Act, Title 28 U.S. C.A. § 1346(b).

In its complaint the plaintiff alleges that on September 1, 1953, it entered into a written contract with an agency of the United States Government to rent to said agency a Bell Type 47 helicopter for a certain number of hours at a stipulated sum per flight hour. It further alleges that on or about March 29, 1954, an employee of said agency while acting within the scope of his employment negligently operated said helicopter, as a consequence of which it crashed to the ground. Plaintiff also alleges that as the proximate result of said negligent operation it was required to expend large sums of money for necessary repairs to said helicopter, lost the use thereof and the rents and profits therefrom. Judgment in the sum of $15,000 is sought together with interest and the costs of this action and such other relief as is proper.

The defendant has moved to dismiss the action. It contends that the action is based upon a contract and that since the plaintiff seeks judgment in the sum of $15,000 this Court has no jurisdiction over the subject matter of this action be-

cause the Tucker Act, so-called, Title 28 U.S.C.A. § 1346(a) (2), limits the jurisdiction of this Court over claims founded upon contract to claims not exceeding $10,000 in amount.

The complaint in this action alleges a bailment for hire and injury to the helicopter of the plaintiff by reason of the alleged negligence of an employee of the bailee while the helicopter was in its possession. The question which is presented by the motion to dismiss is whether the bailor is limited to an action ex contractu or may bring an action in tort.

■ It is the general rule that where a bailee for mutual benefit fails to exercise proper care of the property bailed and it is damaged thereby, the bailor may sue him in assumpsit or in an action on the case. The bailor has this election of remedies because the bailee's violation of the duty imposed upon him by the bailment is not only a breach of his contract but also a tort. Boland v. Southern Ice Co., D.C.E.D.S.C.1948, 80 F.Supp. 924; Dufresne v. Dick, 51 R.I. 135, 152 A. 692; 8 C.J.S., Bailments, § 44.

While seeming to recognize the existence of such alternative remedies in the ordinary case, the Government contends that a different rule should prevail here because the sovereign may only be sued with its consent, and that it has not consented to be sued under the Federal Tort Claims Act on such a claim as is here presented.

In support of its position it has cited numerous cases which it contends establish the existence of an adequate remedy under the Tucker Act for breach of contracts of bailment committed by the United States. It argues that since such a remedy exists no alternative remedy is available to anyone claiming to have been damaged by a breach of a contract of bailment with the United States which is

a tort. I have read these cases and find nothing therein to warrant this conclusion. While they recognize the right of a bailor to maintain an action against the United States as a bailee under the Tucker Act, so-called, for damages caused by the negligence of an employee of an agency of the United States, none of them hold that an action thereunder is the exclusive remedy of the bailor.

■■ The language of Title 28 U.S.C.A. § 1346(b) indicates a congressional purpose that the United States shall be treated as if it were a private person in respect of torts committed by its employees except for certain specific exceptions which are enumerated in Title 28 U.S.C.A. § 2680. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171. In interpreting the exceptions to the generality of the grant allowing suits against the Government the courts include only those circumstances which are within the words and reason of the exception. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427. I am of the opinion that there is nothing in § 2680 which indicates a congressional purpose to except from the authorization to sue claims for damages caused by the negligent act of an employee of the Government while acting within the scope of his employment simply because said negligent act is also a breach of a contract of the United States. If Congress had intended that the waiver of immunity to suit under § 1346(b) would not extend to such a case it could have so declared. In the absence of such declared purpose the waiver of immunity is not to be strictly construed. See United States v. Aetna Casualty & Surety Co., supra.

In my opinion this Court has jurisdiction of the subject matter of this action. The defendant's motion to dismiss is denied.