DELILAH M. SERRY, v. H. A. KNEPPER, *et al.*, Appellants.

**Bailment.** By an agreement between S. and M., two notes owned by S., were deposited with a bank as security for a debt for forty-nine dollars, due by S. to M., to be returned to S. on the payment of such sum to M. and the notes were assigned to M. as security, merely, before they were so deposited. The cashier gave to M. a receipt for the notes, "to be released on payment of forty-nine dollars by S." Such cashier knew the condition on which the notes had been deposited. *Held*, that, where the cashier and bank, in forgetfulness of the facts, delivered such notes to M. on his returning such receipt, they are liable to S. therefor, though they acted gratuitously in the matter.

LADD, J., takes no part.

*Appeal from Woodbury District Court.*—HON. SCOTT M. . LADD, Judge.

WEDNESDAY, APRIL 7, 1897.

ACTION to recover damages for the alleged wrongful detention of two promissory notes. The case was tried to the court, and judgment rendered in favor of the plaintiff against the defendants, the Northwestern National Bank and John Scott, Jr., from which judgment said defendants appeal.—*Affirmed.*

*Lewis & Beardsley* for appellants.

*F. B. Robinson* for appellee.

GIVEN, J.—John J. Serry, then the owner of the notes in question, did, on the fourteenth day of January, 1894, assign said notes to Isaac Miller, by an agreement in writing, as follows: "January 14, 1894. I hereby deposit two notes,—one for the sum of $197, the other for the sum of $157.45,—as security for the payment of $49 for horse feed and board for three horses until February 1, 1895. Upon the payment of the above to Isaac Miller, the above notes to be returned to J. J. Serry. John J. Serry. Isaac Miller." Serry not being willing that Miller should hold the notes, it was agreed that they should be deposited in the defendant bank, to be held under said agreement. They went to the bank together, and consulted with the defendant Scott, then assistant cashier, as to whether it was necessary that Serry should indorse the notes, and, being advised that it was, he then did so. The notes thus indorsed, together with said agreement, were handed to Mr. Scott, Jr., whereupon he prepared, signed, and handed to Mr. Miller, a receipt, as follows: "Sioux City, Iowa, Jan. 14, 1895. Received from Isaac Miller & Co., two notes,—A. W. Beeson, $197; S. C. Barber, $157.45,—to be released on payment of $49, by John Serry. [Signed] Jno. Scott, Jr., A. C." Thereafter John J. Serry assigned said notes to the plaintiff by a writing as follows:

"Sioux City, Iowa, Jan. 18, 1895. For value received, I hereby sell and assign to Delilah M. Serry, all my right, title and interest in and to the following notes, now in the possession of the Northwestern National Bank, of Sioux City, Iowa, to-wit: Note of C. F. Barber, dated 12—18—'94, due 1–1–'96, one hundred and fifty-seven dollars and forty-five cents; note of A. W. Beeson, dated 12–20–'94, due 12–20–'96, one hundred and ninety-seven dollars— subject to such rights as Isaac Miller may have against the same as security for horse feed. Dated at Sioux City, day and year first above written. John J. Serry." On the thirty-first day of January, 1895, the plaintiff tendered to Isaac Miller, also to the bank, forty-nine dollars, in cash payment of the debt for which said notes were pledged, and demanded possession of the same, but neither the bank nor said Miller were then in possession of said notes, or able to deliver the same. The facts concerning the notes at that time, are these: Prior thereto, Isaac Miller was served as garnishee in an action in justice's court, wherein one S. A. Miller was plaintiff and said John J. Serry defendant, as a supposed debtor of John J. Serry. Isaac Miller answered, as garnishee, that he was not indebted to Serry; that he had in his possession three horses, three wagons, one set of single harness, and one set of double harness of said defendant Serry's. He was then asked: "Do you know of any debts owing to the said defendant, whether due or not, or any property, rights, or credits belonging to him, now in the possession or under the control of others? If so, state the particulars." To this he answered: "Two notes,—one for one hundred and fifty-seven dollars and forty-five cents, dated December 15, 1894. signed by S. C. Barber; and one for one hundred and ninety-seven dollars. dated December 20, 1895, signed by A. W. Beeson." Upon, this the justice

found that Isaac Miller, garnishee, made answer, stating that he had two notes, and ordered that the same be turned into court. Thereupon Isaac Miller presented said receipt to the defendant, Scott, at the bank, and on surrender of the same, defendant Scott turned over to Miller said notes, and Miller delivered the notes to the justice. At the time the notes were deposited with the bank, neither Miller nor Serry were patrons of the bank, or ever had any business transactions with it, and Serry was a stranger to Mr. Scott. There is no question but that the bank and Mr. Scott acted gratuitously in receiving the notes, and are only to be held to the exercise of ordinary care in keeping them. There is no question as to the validity of the assignment of the notes to the plaintiff, subject to said claim of forty-nine dollars. Appellants contend that, by the assignment of the notes, Miller became entitled to the possession thereof; that they were deposited by Miller alone; that they did not know Serry personally, nor in the transaction, nor the conditions upon which the notes were assigned to Miller; and that, therefore, they were justified in giving the notes to Miller on his surrendering the receipt. Mr. Scott denies any recollection of having read the agreement that accompanied the notes; but whether or not he did, we think it fairly appears from his own testimony, that he then knew the purpose for, and condition upon, which the notes had been assigned, and that they were to be held by the bank for both parties until the money for which they were pledged was paid. Mr. Scott says: "My understanding was that they were left to secure forty-nine dollars feed bill coming to Mr. Miller from the party that turned the notes there,—Mr. Serry." He further says: "I understood they were left to secure the payment of $49, and I supposed they were to be released on the payment of the $49, and supposed

they were to be released to Mr. Miller; supposed that if they should come in there together, and the money was paid, I would turn the notes back to the man I gave the receipts to." The court was fully warranted in finding that Mr. Scott knew, at the time he received the notes, that they were to be held until the forty-nine dollars was paid, or until the parties should mutually agree to their surrender, and that upon payment of the forty-nine dollars, and the surrender of the receipt, John J. Serry, or his assigns, would be entitled to the notes. We are satisfied that at the time Miller called for the notes, Mr. Scott, not having the facts in mind, and regarding them as having been deposited by Miller as his own, and subject to his order, surrendered them. In doing so, however, he acted in direct violation of the terms upon which the deposit was made. We think the court was warranted in finding that appellants did not exercise ordinary care in keeping the notes, and that plaintiff is entitled to recover their value.

Several errors are assigned on rulings in taking testimony. We have examined those referred to in appellants' argument, and find no prejudicial errors in the rulings. The error, if any, is not such as to change the result. Our conclusion is that the judgment of the district court should be AFFIRMED.

LADD, J., takes no part.