BATESVILLE GIN COMPANY v. WILLIAM W. WHITTEN.

[50 South. 695.]

1. BAILMENTS. *Liability of bailee. Breach of duty. Negligence. Burden of proof.*

In the absence of negligence on the part of a bailee he is not liable for the loss of property after the purpose of the bailment had been accomplished and the bailor notified that it was in condition to be removed.

2. SAME. *Concrete case.*

Where a gin company, having notices conspicuously posted at its place of business announcing that it was not responsible for cotton left on its yard after it was baled, received cotton to gin, bale and tag, and, having done so, notified the owner, whose wagon was on the premises, that the bale was ready to be removed by him, and the owner departed, leaving it in the yard, and did not return for it until the next day, when it could not be found, the company, in the absence of evidence of negligence on its part, was not liable for the loss.

FROM the circuit court of, second district, Panola county.

HON. WILLIAM A. ROANE, Judge.

Whitten, appellee, was plaintiff in the court below; the gin company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Whitten, the plaintiff, sent seed cotton in the afternoon to the gin company, defendant, to be ginned. It was during the same afternoon ginned, baled and tagged by the company and placed in the yard for return to the owner, and the agent of the plaintiff, who brought the cotton to the gin, not having left the premises and his wagon being still there, was notified to receive and take the bale away. Plaintiff's agent departed, leaving the cotton where it had been placed for his reception of it. He returned the next day, but the cotton could not be found. Other facts are stated in the opinion of the court.

*P. H. Lowrey,* for appellant.

There are three well recognized kinds of bailment, (1) where the bailment is for the sole benefit of the bailee; (2), where the bailment is for the mutual benefit of the parties; and (3), where the bailment is for the sole benefit of the bailor.

There of course can be no contention that this case fails in the first class. While the cotton was being held to be ginned it falls in the second class. 3 Am. & Eng. Ency. of Law (2d ed.), 742. Supposing this relation continued, the appellant was liable for only ordinary care. 5 Cyc. 184; 3 Am. & Eng. Ency. of Law (2d ed.), 746.

In this case the proof so conclusively shows that there was no negligence on the part of the appellant and that it exercised that degree of care required, the peremptory instruction should have been given for the appellant, and the court erred in refusing the instruction. There being no dispute about the facts, it was a matter for a peremptory instruction. The court not only refused a peremptory instruction but also refused an instruction asked by the appellant that the appellant was liable for the exercise of only ordinary care. We fail to see any reason for the refusal of this instruction. It is in accord with all the authority we have cited or have been able to find. Whether or not the appellant was entitled to a peremptory instruction, the refusal of this instruction was a serious mistake against appellant and entitles it to a new trial, where the question can be submitted on proper instructions.

The court instructed the jury for the appellant that if the cotton was stolen the burden was on the plaintiff to show that the theft was through the fault or negligence of the defendant, which was clearly correct and might have gone further. 28 Am. & Eng. Ency. of Law (1st ed.), 645; *Claflin v. Myers,* 75 N. Y. 260; *Kelton v. Taylor* (Tenn.), 11 Lea, 264. These instructions, however, do not embrace the principles announced in the refused instructions. The jury had no guide in any instruction given for either party as to what degree of care was required of defendant.

The case of the appellant is much stronger, in that after the cotton was ginned and baled, the appellant was at most a bailee for the sole benefit of the bailor. Nothing was paid for the services, the whole pay being for ginning and baling the cotton and the whole amount was due at the time the cotton was baled and rolled off the platform. This was peculiarly the case here where the cotton was carried to appellant's gin by the appellee with full knowledge that it would not be responsible for the cotton after it was baled. This being the case it was a part of the contract and the appellee is bound by it. 5 Cyc. 175, 176. Bailment could be terminated in this way. 5 Cyc. 204; or could by this notice be changed from a bailment for mutual benefit, to a bailment for the sole benefit of the bailor. 5 Cyc. 185, end of note 27; *Burrows v. Cushway*, 37 Mich. 481; *Carnes v. Nichols*, 10 Gray (Mass.), 369; *McKay v. Hamlin*, 40 Miss. 473; *Miller v. Peoples*, 60 Miss. 819; *Caldwell v. Hall*, 60 Miss. 330; *Meridian Fair v. Railroad Co.*, 70 Miss. 808; *Archer v. Sinclair*, 49 Miss. 343; *Cowles v. Pointer*, 26 Miss. 253.

*Pearson, Eckles & Carothers*, for appellee.

The assertion that the cotton was stolen, or must have been stolen, will not avail. The allegation must be proved by a preponderance of evidence. *Hadley v. Orchard*, 77 Mo. App. 141; *Davis v. Tribune J-P Co.*, 70 Minn. 95, 72 N. W. 808; *Pregent v. Mills*, 51 Wash. 187, 98 Pac. 328; *Dixon v. McDonnell*, 92 Mo. App. 479; *Shropshire v. Sidebottom*, 30 Mont. 406, 76 Pac. 941; *Sulpho-Saline Bath Co. v. Allen*, 66 Neb. 295, 92 N. W. 354; *Manson v. Pullman, etc.*, 60 Atl. 1120; 3 Decennial Digest, Bailment, sec. 31; *Haas v. Taylor*, 80 Ala. 459; *Claflin v. Meyer*, 31 Am. Rep. 467; *Hackney v. Perry* (Ala.), 44 So. Rep. 1029; *Cowles v. Pointer*, 26 Miss. 253.

The record here, so far as the evidence is concerned, is in all material particulars just the same as it was in the former appeal.

The opinion of this court in reversing the case before stated that, "The facts of this case did not warrant the giving of a peremptory instruction for plaintiff," and the case was remanded.   This was tantamount to saying that it should have been submitted to the jury under proper instructions.

MAYES, J., delivered the opinion of the court.

This case has been before the court twice.   The first report of the case is on page 616 of 48 Southern.   In the report of the first case it is shown that the reversal was because of a peremptory instruction given for appellees.   When the case was first reversed, we did not think that we should direct a peremptory instruction in favor of the gin company, because we did not know what facts a new trial might develop, and therefore we left the case to be tried in the lower court just as though there had never been any former trial.   It was our view then, on the facts of the case as they then appeared, that if there was no change on the second trial a peremptory instruction ought to be given for the gin company.   The case is returned to this court on confessedly the same facts, and it is our view that no liability is shown on the part of the gin company, and the case must again be reversed.

Before there can be any liability to appellee on the part of the gin company, it was necessary for the appellee, plaintiff below, to show some breach of duty on the part of appellant to him, whereby, because of this breach of duty, some injury has been occasioned; and this appellee utterly fails to establish.   The burden was upon the plaintiff below, appellee here, to establish this breach of duty, and appellee has failed.   It was not sufficient, under the facts of this case to show delivery of the cotton and failure to return, in order to make out a *prima facie* case against the gin company; but it was the duty of appellee to further show that the failure was because of some negligent act on the part of the gin company.   There is no such proof in this record.   To begin with, it is conclusively shown that be-

fore the cotton was lost it had been ginned, baled, and tagged in the customary way, and placed on the yard. This was the way all the cotton was dealt with by this company. The appellee's wagon was there at the time, and the fact that the cotton was ready to be hauled away was made known to him. The gin company had the following notice posted in many places in the gin, viz.: "Notice. Not responsible for cotton left on our yard after it is baled. Batesville Gin Company." In short, after ginning and packing, the cotton was held at the risk of the party to whom it belonged, and all parties were so notified.

Of course, even in this condition of affairs, it was the duty of the gin company not to cause loss to the party who brought the cotton there by reason of negligence; but it is not shown in this case that the loss was occasioned by any want of ordinary care on the part of the gin company. It is true that, when cotton is left with ginners for the purpose of being ginned, the party to whom it belongs must have a reasonable time in which to remove it; but, because he must have this time within which to remove his cotton it imposed no special duty on the part of this gin company, under the facts of this case, beyond that of exercising ordinary care. In the absence of any special custom or agreement to the contrary, it is the duty of parties taking cotton to a gin to take it away from the gin as soon as the work that is intended to be done on the cotton has been performed, and if they fail to do so they can only hold the gin company liable where its negligence produces the loss.

*Reversed and remanded.*