## 15172

GILLAND v. PETER'S DRY CLEANING CO.

(11 S. E. (2d), 857)

June, 1940.

*Mr. Norbert A. Theodore,* for appellant,

*Messrs. Albert L. James, Jr.,* and *John Gregg McMaster,* for respondent,

December 3, 1940.

The opinion of the Court was delivered by Mr. L. D. Lide, Acting Associate Justice.

The plaintiff brought suit in the Court of a magistrate at Columbia against the defendant to recover the sum of $24.00 for damages alleged to have been done by the defendant to a white mohair dinner coat delivered by the plaintiff to the defendant to be cleaned and pressed by it. The coat was alleged to have been returned to the plaintiff in a discolored and damaged condition. Upon the trial of the case the plaintiff introduced evidence showing the delivery of the coat to the defendant in good condition and its subsequent return in a discolored condition, and thus damaged to such an extent that the plaintiff testified that it was then worth practically nothing. No testimony was offered by the defendant, but a motion was made in its behalf for a directed verdict, which was really for judgment in its favor, since the case was being tried by the magistrate without a jury. The motion was based upon the ground that there was no evidence of negligence on the part of the defendant since the doctrine of *res ipsa loquitur* is not recognized in this State. The magistrate, however, overruled the defendant's motion and granted judgment in favor of the plaintiff for the sum of $20.00; and upon appeal to the County Court for Richland County, the judgment of the magistrate was affirmed by order dated June 14, 1940. Whereupon the case was brought to this Court upon five exceptions raising the single point made by defendant's motion above mentioned.

It is quite true that this Court has refused to adopt the doctrine of *res ipsa loquitur,* although it is the law in many other jurisdictions; that is to say, where the burden rests upon a party to prove negligence we hold that he cannot meet this burden by relying upon the theory that the thing speaks for itself or that the very fact of injury indicates negligence. At the same time, there are certain relationships out of which presumptions arise which may affect the burden of proof. For example, while a servant is required to prove that the master failed to provide a

safe place for him to work, this would be sufficient to make out a *prima facie* case of negligence against his master; but as was held in the case of *Weston v. Hillyer,* 160 S. C., 541, 159 S. E., 390, 391: "That is not a recognition and application of the doctrine *res ipsa loquitur,* because it requires that there must be proof of the failure to provide a safe place before the rule applies."

In the case at bar, there was undoubtedly a bailment for the mutual benefit of the parties, that is to say, the delivery of an article by the bailor upon which work was to be performed by the bailee for a consideration. Hence the bailee was required to exercise ordinary care only. *Farmers' Union Merc. Co. v. Anderson,* 108 S. C., 66, 93 S. E., 422. And while the burden was upon the plaintiff to make out a *prima facie* case, yet when he proved that he delivered the property in question in good condition and that it was returned to him in an injured condition, he made out such a case, and if the defendant contended that it had used due care, evidence to that effect should have been offered by it.

The authorities on this subject are not in entire agreement, but we think the rule as above stated is supported by the more recent cases and accords with sound reason as applied to a bailment of this character, especially because the bailee has exclusive possession and the facts attending the injury must be peculiarly within his own knowledge.

We quote the following statement of the approved rule from 6 Am. Jur., 450: "A *prima facie* case which meets the bailor's burden in an action to recover for injuries to the thing bailed while in the bailee's possession is made out, according to the weight of modern authority, by proof that the property was delivered in bailment to the defendant in good condition and was returned to him injured, at least where the injury is one which does not ordinarily occur in the exercise of the degree of care incumbent on the particular bailee."

A like conclusion was reached by this Court in the case of *Fleischman v. Southern Railway,* 76 S. C., 237, 56 S. E., 974, 977, 9 L. R. A. (N. S.), 519, in which the opinion was delivered by Mr. Justice Woods. This is recognized as a leading case, and while it relates to a warehouseman the principles there announced are quite applicable to a bailment of the kind under consideration here. We quote the following from the opinion of Judge Woods: "The rule in this State, as indicated by the cases above referred to, is that the bailor must prove delivery to the bailee and his refusal to return as required by the contract of bailment. The burden is then on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury as far as known to the bailee, and the precautions taken to prevent the loss or injury. From these facts, coupled with any testimony on the subject the bailor may introduce, it is for the jury to say whether the bailee was negligent. This rule is entirely reasonable." See, also, *Marlow v. Conway Iron Works,* 130 S. C., 256, 125 S. E., 569.

The appellant, however, relies on the case of *Carrier & Harris v. Dorrance,* 19 S. C., 30, which involved the bailment of a horse hired by the bailee from the bailor, a livery stable keeper. The action was brought because of the death of the horse, and the Court does hold that the burden of proving the absence of ordinary care, which was the measure of the bailee's duty, "is ordinarily upon the bailor or plaintiff." But the evidence offered by the plaintiff as set forth in the opinion, it seems to us, might fairly be construed as sufficient to show that the defendant had in fact exercised due care. Hence the judgment of the Court that a nonsuit ought to have been granted might well have been based on this ground without regard to the burden of

proof. However, aside from this, we think the rule as here-inbefore stated by us, especially as relating to a bailment where the bailee is required to perform some work on the bailed article, is not only consonant with the more recent decisions, but tends to the furtherance of justice, because of the difference between the positions of the parties. The bailor cannot be expected to know the details of the bailee's business; while on the other hand, if the bailee has exercised due care his knowledge of the methods and processes of his own business would readily enable him to offer testimony tending to exonerate him from negligence.

The judgment of the County Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.