16435

GASKINS v. FOWLER GIN CO.

(62 S. E. (2d) 119)

*Messrs. Shuler & Harrell,* of Kingstree, *for Appellant,*

*Messrs. Connor & Connor,* of Kingstree, *for Respondent,*

November 21, 1950.

OXNER, Justice.

This is an action by a bailor to recover the value of property which the bailee failed to return. The trial judge directed a verdict in favor of the bailor. The question to be determined is whether the circumstances establish liability

as a matter of law. The material facts are undisputed and are substantially as follows:

Respondent, an illiterate Negro farmer, carried two bales of seed cotton to appellant's gin. It was ginned about 3:00 A. M. Respondent saw his two bales of cotton shortly after they came from the press. An employee asked him what he wished to do with the cotton. Respondent replied that he wanted it left in the yard and that he would be back later in the morning to sell it. He went home, ate breakfast and returned to the gin about 8:00 A. M., or approximately five hours after the cotton was ginned. He found and sold one bale but the other was missing and has never been located. Appellant was unable to give any explanation for the disappearance of the bale of cotton. It is not known whether it was removed through mistake or stolen. This action was brought to recover the value of the lost bale.

Appellant operated a large cotton gin which ran twenty-four hours a day. On some days more than a hundred bales were ginned. Under the prevailing custom, after cotton was ginned, appellant placed it in an unenclosed yard adjoining the gin house unless the owner indicated a desire to take it home. Buyers were regularly on hand and a considerable portion of the cotton left in the yard was sold there. A large sign was posted near the press notifying the owners that any cotton left on the yard was at their risk but there is no testimony that this notice was ever called to the attention of respondent. As heretofore stated, he was unable to read or write.

After the cotton was ginned, the bales were numbered and the weight and name or initials of the owner placed on each bale and a receipt or ticket with the corresponding number given to the owner. While appellant usually had a man on hand to assist the owner in locating his cotton, no receipt or other identification was required and no other effort was made to check the cotton before it was removed. In fact,

the record discloses a lack of any precautions taken to prevent misdelivery or theft.

We think under the foregoing facts the Court properly directed a verdict in favor of respondent for the value of the bale of cotton not returned.

The delivery of seed cotton to be ginned created a bailment for mutual benefit and appellant assumed the liability of exercising ordinary care. It is argued, however, that the relation of bailor and bailee terminated when the cotton was ginned and tendered to respondent. It is said that the cotton was then left on the yard at the request of respondent, for his own convenience and at his own risk. In other words, the contention is made that the undisputed facts show a redelivery immediately after the cotton was ginned. We do not think so. The bailment for mutual benefit continued until respondent had a reasonable time to remove his cotton. *Brunson & Boatwright v. Atlantic Coast Line Railway Co.*, 76 S. C. 9, 56 S. E. 538, 9 L. R. A. (N. S.), 577. It was ginned at 3 :00 A. M. Respondent returned and demanded his cotton five hours later, which we think was within a reasonable time. But asuming that there was an unreasonable delay, we think during that period of five hours appellant occupied the position at least of a gratuitous bailee, *Marlow v. Conway Iron Works*, 130 S. C. 256, 125 S. E. 569, which required the exercise of reasonable care. *McLaughlin v. Sears, Roebuck & Co.*, 188 S. C. 358, 199 S. E. 413; *Wilson v. Etheredge*, 214 S. C. 396, 52 S. E. (2d) 812.

When respondent proved the delivery of the seed cotton to appellant and its failure to deliver one of the bales when demanded by respondent upon his return to the gin, he made out a *prima facie* case and the burden then rested upon appellant to explain the loss. *Fleischman, Morris & Co. v. Southern Railway Co.*, 76 S. C. 237, 56 S. E. 974, 9 L. R. A. (N. S.), 519; *Marlow v.*

*Conway Iron Works, supra; Gilland v. Peter's Dry Cleaning Co.,* 195 S. C. 417, 11 S. E. (2d) 857; *Arkwright Mills v. Clearwater Mfg. Co.,* S. C. 61 S. E. (2d) 165, 167. In the last mentioned case, the Court said: "Because of the manifest difficulty encountered in so many bailment cases, the law has come to be well recognized that in those instances of bailment, where the bailee has the sole, actual and exclusive physical possession of the goods, the bailee is presumed to be negligent if, upon the disappearance of the goods, he cannot explain their loss. This rule, as is pointed out in the cases, is one of necessity, because where the bailee has the exclusive possession of the property, it follows that he must also have the exclusive means of showing what became of it."

The foregoing rule applies not only to a bailment for mutual benefit but to a gratuitous bailment. *Marlow v. Conway Iron Works, supra; Dalton v. Hamilton Hotel Operating Co., Inc.,* 242 N. Y. 481, 152 N. E. 268.

Appellant offered no testimony which tended to rebut or destroy the *prima facie* case made by respondent. On the contrary, appellant's testimony disclosed a lack of even slight care. It was held in *Marlow v. Conway Iron Works, supra,* that the operator of a gin was liable for misdelivery of cotton which had been ginned and left on a platform outside the gin house. In the instant case no explanation whatsoever is made of the disappearance of the cotton. It seems to be conceded that it was not destroyed by fire or other casualty. Evidently it was stolen or removed by mistake. No reasonable precautions were taken to prevent either.

Judgment affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and L. D. LIDE, A. A. J., concur.