BRADY, Justice:
This is an appeal from the Circuit Court of Jackson County, Mississippi, which affirmed a judgment of the County Court of Jackson County, Mississippi, in favor of the appellee against the appellant in the sum of $150. From that judgment this appeal is taken.
Prior to August 17, 1969, the appellee requested the appellant to pick up his 1958 Rambler automobile at his home and to take it to the appellant’s place of business in order that the transmission might be repaired. The car was picked up, but, prior to any efforts to repair the vehicle, Hurricane Camille struck the Gulf Coast and the *919 automobile suffered substantial water damage as did all the vehicles on the appellant’s lot.
The appellee brought suit against the appellant for these damages on the ground that the appellant was negligent in not moving the cars or protecting them. The issue was tried in the County Court of Jackson County, Mississippi, sitting without a jury, which returned a verdict in favor of the appellee in the exiguous sum of $150. This judgment was appealed to the Circuit Court of Jackson County, Mississippi, on the grounds that this was an act of God and therefore the appellant was not liable for the ensuing damage. The circuit court affirmed the judgment of the county court and from that judgment this appeal is taken.
The appellant assigns four errors which present one basic issue, which is whether or not the bailor-bailee relationship as represented in this case was breached by the appellant’s failure to exercise some duty owed the bailor.
The record discloses that the appellant prepared for this hurricane in the same manner and fashion that it had for other hurricanes in the past, by moving the cars on his lot to the highest ground on the lot, an area which heretofore had remained unscathed by former hurricanes. It further appears from the record that the appellee’s vehicle was on the highest part of the premises, on higher ground than even the appellant’s new cars.
While it is unnecessary for us to consider the defense of the appellant, namely that the damage to the appellee’s car was caused solely by an act of God, nevertheless we note that in a similar hurricane case in the State of Louisiana, the Court of Appeals of that State, in substance, held in Ballay v. Poillon, 59 So.2d 485 (La.App., 1952), that there could be no doubt that the bailee would not be liable for the goods of the bailor, if while in the possession of the bailee the goods were indisputably destroyed by a hurricane and a flood caused by the act of God. This is the rule which has long been recognized and applied by the courts of Mississippi. To hold otherwise would place the bailee in the position of an insurer.
This Court, speaking through Justice Rodgers, held in Milner Enterprises, Inc. v. Jacobs, 207 So.2d 85 (Miss.1968):
It seems therefore that the rule is well settled that an ordinary bailee (as distinguished from special bailees, common carriers, etc.) is not an insurer of the goods and chattels delivered into his keeping. Seward v. First Nat’l Bank, 193 Miss. 656, 8 So.2d 236 (1942); King-Sparrow Lumber Co. v. Stewart, 132 Miss. 101, 95 So. 833, 31 A.L.R. 1364 (1923); Merchants’ Wharf boat Ass’n v. Wood, 64 Miss. 661, 2 So. 76 (1887).
The care and diligence which a bailee must exercise in the preservation of the bail property corresponds with the degree of negligence for which he is responsible. The bailee is bound to that degree of diligence which the manner and nature of the bailment make it reasonable to expect of him; care less than this makes the bailee liable. However, unless it is shown that the bailee breached some duty owed to the bailor, the bailee is not liable. Moreover, the burden is upon the plaintiff-claimant to establish this breach of duty. Batesville Gin Co. v. Whitten, 96 Miss. 210, 50 So. 695 (1909).
An objective and careful analysis of the evidence in this cause convinces us that the burden of proving negligence in the preservation and protection of the property involved on the part of the appel-lee in the custody of the appellant was not met. The record fails to disclose negligence on the part of the appellant, and therefore, this cause is reversed and judgment entered here for the appellant.
Judgment reversed and rendered for appellant.
ETHRIDGE, C. J., and RODGERS, SMITH and HARPER, JJ., concur.