361 So.2d 71 (1978)
Walter D. POPE
v.
Wally ANDREWS, d/b/a Mary Walker Marina.
No. 50636.
Supreme Court of Mississippi.
August 2, 1978.
Bryan, Nelson, Allen & Schroeder, John W. Chapman, Pascagoula, for plaintiff-appellant.
Shaddock & Dryden, George S. Shaddock, Pascagoula, for defendant-appellee.
Before PATTERSON, WALKER and LEE, JJ.
PATTERSON, Chief Justice, for the Court.
This suit originated in the County Court of Jackson County. There the plaintiff, Walter D. Pope, filed a declaration for the loss of a 19-foot boat and miscellaneous tackle due to the alleged negligence of Wally Andrews, doing business as Mary Walker Marina. The theory of the declaration is that the appellant had stored his boat with the appellee marina, a commercial concern, for the payment of a $26 monthly storage fee, and that it was not redelivered to the plaintiff when requested but rather was lost due to the negligence of the defendant.
The evidence in pertinent part concerning the loss is that following the boat's use by the plaintiff on a Saturday, it was returned to "Al," an employee of the marina, under the following circumstances:
Q. And what, if anything, did you do when you came back in?
A. Well, the first thing I did I gased (sic) the boat up to see how much gasoline that I had used. I asked Al what to do with the boat. I explained to him that I was through fishing for the day and I would probably be using it the next morning. He told me to tie the boat up to the dock and leave it there and he would take care of it.
* * * * * *
Q. Alright. And this was approximately noon on a Saturday?

*72 A. Right.
Q. Did you return to Mary Walker Marina the next morning?
A. Between six and seven o'clock.
Q. And what did you find when you got there?
A. Didn't find anything. I couldn't find my boat.
Q. Have you seen your boat since then?
A. No.
On cross-examination:
Q. Mr. Pope, just a few questions. You have told us that you had previously kept two boats at Mary Walker Marina. Is that correct?
A. Right.
Q. And have you ever had anything stolen off any of your boats there?
A. Never had anything missing off my boats there, no sir.
* * * * * *
Q. Have you ever had anything stolen down there prior to this time?
A. Prior to this, no sir.
Q. And you know that Mr. and Mrs. Andrews live on the premises?
A. Correct.
Q. And you know that they have fenced those premises?
A. That's correct.
* * * * * *
Q. And in addition to that they have chains across the road ... when the main gate is open during the day time to prevent people who are non boat owners or who are not guests of boat owners from just driving through there don't they?
A. Knowing all this, I felt that my boat would be safe there.
At the conclusion of plaintiff's testimony, the case being rested without other witness, the trial court sustained defendant's motion for a directed verdict. This action of the county court was affirmed on appeal by the circuit court of the district.
The significant assignment of error is whether the county court erred in sustaining defendant's motion for a directed verdict.
Undoubtedly, there existed a bailment for the benefit of the bailor-appellant and the bailee-appellee because the bailment was one of hire. It also is well settled that an ordinary bailee is not an insurer of the goods or chattels delivered into his keeping [Milner Enterprises, Inc. v. Jacobs, 207 So.2d 85 (Miss. 1968)], but rather is burdened with due care, that is, reasonable care commensurate with his responsibility. Batesville Gin Co. v. Whitten, 96 Miss. 210, 50 So. 695 (1909); Yazoo & M.V.R. Co. v. Hughes, 94 Miss. 242, 47 So. 662 (1908). And see A. Dobie, Handbook on the Law of Bailments and Carriers, section 16, page 32, and section 17, page 36 (1914).
The narrow issue presently is whether the plaintiff established a prima facie case of negligence so that the burden of proof shifted to the defendant to go forward with the evidence. In Yazoo & M.V.R. Company, supra, it was held that when a bailor shows that goods were delivered to a bailee in good condition and were lost or destroyed or returned in a damaged condition, this fact creates a prima facie presumption of negligence and it thereupon devolves upon the bailee to absolve himself from negligence. And see the more recent case of Hamm v. Walker & Sons, Inc., 198 So.2d 817 (Miss. 1967), wherein it was held that a boat damaged while in the possession of a bailee cast upon him the burden to show that the damage was not caused by his negligence.
We are of the opinion the plaintiff established by his testimony a prima facie case of negligence against the bailee entitling plaintiff to judgment unless the defendant absolved himself of negligence by going forward with proof establishing his due and reasonable care for the boat. It is true the plaintiff testified as to past reasonable practices of the marina in safekeeping of the boat, but there was no testimony of reasonable care on the night the boat disappeared.
REVERSED AND REMANDED.
*73 SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.