ROBERTSON, Presiding Justice,
for the Court:
Appellee, Charles W. Webb, brought suit in the County Court of Lauderdale County *86 against the City of Meridian, Mississippi, for damages suffered by him when his automobile was stolen while entrusted to the City of Meridian municipal parking garage. The jury returned a verdict for $2600 in Webb’s favor. The City of Meridian appealed to the Circuit Court, which court affirmed on condition of a $400 remittitur. The City of Meridian has appealed to this Court from the Circuit Court’s affirmance of a $2200 judgment against it.
Appellant assigns as error:
I.The Trial Court erred by overruling motion for directed verdict and refusing to grant requested peremptory instruction and overruling motion for judgment notwithstanding the verdict. The Circuit Court erred in not reversing the case for these same reasons.
II.The Trial Court erred in granting plaintiff’s instructions P-5, P-7, and P-8. The Circuit Court erred in not reversing the case for the same reasons.
III.The verdict is excessive and against the weight of the evidence, even with reduction by $400 by remitti-tur in Circuit Court, and the Circuit Court erred in not reversing the case for the same reasons.
Webb has cross-appealed, assigning as error the granting of a $400 remittitur by the circuit court.
On April 15, 1974, Clara Webb, appellee’s wife, entered into a parking space contract with the City of Meridian whereby, for a monthly fee, she could park her car in municipal parking garage No. 2. A separate “Agreement and Release” signed only by Mrs. Webb, provided:
“It is hereby understood and agreed that the employees of the Municipal Parking Garages of the City of Meridian have my permission to park my automobile, which I have parked in said garages or caused to be parked in said garages, on the street or driveway or streets adjacent to the parking garages, and that said employees have my further permission to place the key in a place to be designated by me in said automobile.
“It is understood and agreed that this will apply only after regular closing hours of said garage, and it is further understood and agreed that in consideration of any of the above services, I will not hold the City of Meridian, or any of its employees, liable for any loss, damages or other claims relevant to the parking of the said automobile on said street.” (Emphasis added).
Mrs. Webb usually worked until 5:30 p. m. at Marks-Rothenberg department store, a very short distance from the parking garage. The testimony was that the parking garage was closed each day about 5:20 p. m., and it took about a minute and a half to remove a car from the garage and park it on an adjacent city street. It was the customary practice for the garage employees to begin moving the cars to vacant parking spaces on surrounding streets about 3:30 p. m. each afternoon.
On June 1, 1978, Mrs. Webb’s 1974 Thunderbird was removed from the garage about 4:15 p. m., and parked on a nearby city street. The keys were placed over the sun visor, as usual, and the car was left unlocked. On this particular day when Mrs. Webb got off work at 5:30 p. m. she was unable to locate her car and subsequently discovered that the car had been stolen. The car was recovered about five and a half months later in Columbus, Ohio, where it had been abandoned on a public street. Ap-pellee testified that he incurred $474.82 in travel expenses, necessary repairs and lost wages in going to Columbus, Ohio, and driving his car back to Meridian, Mississippi.
Webb testified that his 1974 Thunderbird was worth $4400 at the time it was stolen, and that after shopping around among automobile dealers he sold it to an automobile dealer for $2100 two days after he had driven it back to Meridian.
Jerry Cumberland, a used car dealer, testified that the retail value of the car in June of 1978 was between $4200 and $4300, and that the car had a retail value of about $2200 to $2300 when it was recovered and returned to Meridian. '
*87 I.
There is no merit in the first assignment of error, that the trial court erred in not granting a directed verdict, peremptory instruction or judgment n. o. v.
In Pope v. Andrews, 361 So.2d 71 (Miss.1978), we restated and reaffirmed the duty and responsibility of a bailee for hire in this way:
Undoubtedly, there existed a bailment for the benefit of the bailor-appellant and the bailee-appellee because the bailment was one of hire. It also is well settled that an ordinary bailee is not an insurer of the goods or chattels delivered into his keeping [Milner Enterprises, Inc. v. Jacobs, 207 So.2d 84 (Miss.1968)], but rather is burdened with due care, that is, reasonable care commensurate with his responsibility. Batesville Gin Co. v. Whitten, 96 Miss. 210, 50 So. 695 (1909); Yazoo & M.V.R. Co. v. Hughes, 94 Miss. 242, 47 So. 662 (1908). And see A. Dobie, Handbook on the Law of Bailments and Carriers, section 16, page 32, and section 17, page 36 (1914). 361 So.2d at 72. (Emphasis added).
The plaintiff’s burden where his car was stolen was stated in the rather old case of Edwards Hotel Co. v. Terry, 185 Miss. 824, 187 So. 518 (1939):
The evidence offered by appellee himself disclosed that the failure to return the car to him was due alone to the fact that it was stolen. The rule is that when this fact is disclosed either by the evidence of the bailor or by that offered on behalf of the bailee the burden is then upon the bailor to show that the theft was occasioned by the negligence of the bailee defendant. The prima facie case made by proof of delivery and failure to return the bailed property disappears upon proof of loss by fire or theft. Yazoo & M.V.R. Company v. Hughes, 94 Miss. 242, 47 So. 662, 22 L.R.A. (N.S.), 975, and the other authorities therein reviewed. Also 8 C.J.S. Bailments § 50, pages 342-346, inclusive. And the defendant is entitled to the verdict unless the plaintiff goes forward and proves that the theft was due to defendant’s negligence. 185 Miss, at 835, 187 So. at 521. (Emphasis added).
The Agreement and Release signed by Mrs. Webb contained this specific limitation: “It is understood and agreed that this will apply only after regular closing hours of said garage, . . . ”
Mrs. Webb testified:
“A I did not think that my car was being brought down on the street until about 5:00 o’clock, which would have not been more than ten to fifteen minutes before I got off work.
Q Now, what made you think it was being brought down at 5:00 o’clock? Did you ever see it brought down at that time?
A No, but, I assumed that if they didn’t close until 5:20 — and I knew they didn’t close until 5:20 — that there would be no need in bringing it down before then.”
The evidence was undisputed that Mrs. Webb’s unlocked car was parked on a public street and the keys placed above the sun visor about 4:15 p. m. on June 1, 1978. It was thus exposed to possible theft for one hour and five minutes before the parking garage closed. The jury found that this exposure to theft was for a longer period of time than was contemplated or required and that this undue hazard was caused by the negligence of the bailee for hire. All questions of negligence are for the jury to decide. MCA § 11-7-17 (1972). The defendant was not entitled to a directed verdict or a peremptory instruction, or a judgment notwithstanding the verdict.
II.
No error was committed by the lower court when it granted appellee’s instruction P-5. That instruction was on the elements of damage that could be considered by the jury in the event the jury found for the plaintiff. The instruction properly set forth these elements of damage:
1. The difference in the reasonable market value of the subject vehicle on the date that it was stolen and the date *88 on which it was returned to plaintiff, if any.
2. Reasonable expenses necessarily incurred by the plaintiff, if any, in returning the vehicle to Meridian, Mississippi.
Appellant complains that P-7 and P-8 lack the requisite specificity in applying the law to the particular facts of this case. There is no merit in this contention.
P-7 includes this language:
“If you find from a preponderance of the evidence in this case that the defendant failed to use reasonable care by leaving said automobile on a street not adjacent to the parking garage for an extended period of time and for a period of time prior to the closing hours, then the defendant is guilty of negligence.
If you further find from a preponderance of the evidence that plaintiff’s 1974 Thunderbird was stolen as a direct and proximate cause of defendant’s negligence, then it is your duty to return a verdict in favor of the plaintiff.” (Emphasis added).
P-8 used slightly different language in applying the law to the particular facts of this case.
Appellee, in his cross-assignment of error, contends that the circuit court erred in granting a $400 remittitur.
In its opinion, the circuit court stated the reason it granted a remittitur was because the appellee “should not have been allowed to introduce evidence concerning reasonable cost of restoration of the vehicle in question or expenses instant to returning the vehicle to the location from which it was stolen.”
In 33 Am.Jur.2d, Bailments, § 332 (1963), we find this language:
“The measure of damages recoverable against bailees of automobiles in cases of loss or theft has been held in a number of cases, to include such things as value of baggage and other articles left in the car, expenses of trip made necessary by the loss of the car, repairs, etc.” pp. 1218-1220. (Emphasis added).
In Campbell v. Portsmouth Hotel Co., 91 N.H. 390, 20 A.2d 644 (1941), the Supreme Court of New Hampshire ruled:
“If ordinarily a bailee’s liability for negligence is measured by the difference in value before and after the property bailed is damaged, it is because such measure ordinarily is the full damage sustained. But the rule of proximate consequences may produce a different measure in unusual cases of special circumstances. Here compensation included the expense incurred in the recovery of the car, in repairs, and in restoration to the owner. No rule of law has the effect of leaving him only partly compensated for these items." 20 A.2d at 646. (Emphasis added).
To the same effect are Rhodes v. Turner, Civ.App., 171 S.W.2d 208 (Tex.1943) and Beetson v. Hollywood Athletic Club, 109 Cal.App. 715, 293 P. 821 (Cal.1930).
The first time the appellee itemized his expenses, totaling $474.82, was in his answer to interrogatories propounded to him by appellant. Appellee again itemized his expenses from the witness stand. All of these were travel and repair expenses so that the stolen car could be driven from Columbus, Ohio, to Meridian, Mississippi, except $140.20 which was claimed for two days’ lost wages.
Since the appellant offered no evidence, Webb’s testimony was undisputed that he missed two days from work for which he was not paid, and that his lost wages totaled $140.20.
If Webb’s car had not been recovered, appellant would have been liable for the market value of the car at the time it was stolen. Webb, through his own efforts and at his expense, recovered his stolen car in Columbus, Ohio, and personally drove it back to Meridian. He did all he could to mitigate his damages.
We feel that the county court was correct in allowing him to itemize all of his necessary expenses for the jury’s consideration in fixing damages, and that the county court jury verdict for $2600 is amply supported *89 by the evidence. The circuit court was in error in granting a $400 remittitur.
The judgment is, therefore, affirmed on direct appeal, but reversed on cross-appeal and the verdict of the jury for $2600 damages is reinstated.
AFFIRMED ON DIRECT APPEAL, REVERSED ON CROSS-APPEAL AND JURY VERDICT REINSTATED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.